UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| T.P.S., | Case No. 2:26-cv-00249-GMN-BNW |
| Petitioner, | **SERVICE ORDER** |
| v. | |
| KRISTI NOEM, et al., | |
| Respondents. | |

Petitioner T.P.S., an immigration detainee who is challenging the lawfulness of his federal detention at Southern Nevada Detention Center, has paid his filing fee and has filed a counseled Petition for Habeas Corpus Relief under 28 U.S.C. § 2241, a Motion for Leave to Proceed Under Pseudonym and to Seal Filings with Personal Information, and a Motion for Temporary Restraining Order. (ECF Nos. 1, 2, 3.) Regarding Petitioner's former Motion, he explains that proceeding under a pseudonym is necessary because he "faces retaliatory harm from the U.S. government's increase in anti-immigrant rhetoric and public naming and shaming policy towards immigrants with criminal histories." (ECF No. 1 at 8.) The Court finds that good cause exists to grant this Motion, allowing Petitioner to proceed in this action as T.P.S.[1]  Next, following a

---

[1] "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a) (requiring that the title of every complaint include the names of parties). This presumption arises from the public's common law right of access to judicial proceedings and the right of private individuals to confront their accusers. *See Kamehameha Schools*, 596 F.3d at 1042; *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). Nevertheless, a party may proceed pseudonymously "in special circumstances when the party's need for anonymity outweighs the prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile*, 214 F.3d at 1068. One such circumstance is "when identification creates a risk of retaliatory physical or mental harm." *Id*. Factors to be considered are "'(1) the severity of the threatened harm, (2) the reasonableness of the anonymous

preliminary review of the Petition under the Rules Governing Section 2254 Cases,[2] the Court finds that the Petition establishes a *prima facie* case for relief, so it directs that it be served on the United States Attorney's Office for the District of Nevada and sets a briefing schedule.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Leave to Proceed Under Pseudonym and to Seal Filings with Personal Information (ECF No. 1) is granted. Petitioner will proceed in this action as T.P.S. The parties to this action shall file no documents, unsealed, identifying Petitioner. In all documents filed in this action, unsealed, the parties must refer to Petitioner as "T.P.S." or "Petitioner." The parties are authorized to file documents under seal in this action without filing a motion for leave to do so.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to:

1. **DELIVER** a copy of the Petition (ECF No. 3), Motion for Temporary Restraining Order (ECF No. 2), and this Order to the United States Marshal for service.

2. **SEND**, a copy of this Order and all previously filed items in this case to the United States Attorney's Office for the District of Nevada, through CM/ECF, in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) at:

    1) Sigal.Chattah@usdoj.gov,

    2) summer.johnson@usdoj.gov,

---

party's fears, … (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest." *Kamehameha Schools*, 596 F.3d at 1042 (quoting *Advanced Textile*, 214 F.3d at 1068. Taking into considering Petitioner's reasonable fears of retaliation and the policies that generally protect the confidentiality of information related to habeas immigration petitions, *see* Fed. R. Civ. P. 5.2 (limiting remote access to case files in immigration cases), the Court finds that Petitioner has made a sufficient showing warranting his proceeding anonymously in this action.

[2] The Court exercises its discretion to apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

2

        3) Veronica.criste@usdoj.gov, and

        4) caseview.ecf@usdoj.gov,

3. **SEND**, through CM/ECF, a copy of this Order and all previously filed items in this case to Mattos' attorney, Ashley Hesman, at ahesman@strucklove.com.

4. **MAIL** a copy of the Petition (ECF No. 3), Motion for Temporary Restraining Order (ECF No. 2), and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to:

    1) Kristi Noem, Secretary, United States Department of Homeland Security, 245 Murray Lane SW, Washington, DC 20528

    2) Pamela Bondi, Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, DC, 20530

    3) Todd Lyons, Acting Director for U.S. Immigration and Customs Enforcement, 500 12th Street, SW, Washington, DC 20536

    4) Brian Henkey, Acting Field Office Director, Salt Lake City Field Office, U.S. Immigration & Customs Enforcement, 2975 Decker Lake Drive, Suite 100, West Valley City, UT 84119-6096

    5) John Mattos, Warden, Nevada Southern Center, 2190 E. Mesquite Ave. Pahrump, NV 89060

**IT IS FURTHER ORDERED** that the United States Marshal **SERVE** a copy of the Petition (ECF No. 3), Motion for Temporary Restraining Order (ECF No. 2), and this Order on the United States Attorney for the District of Nevada or on an Assistant United States Attorney or clerical employee designated by the United States Attorney pursuant to Rule 4(i)(1)(A)(i) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that counsel for Respondents file a notice of appearance within 3 days of the date of this Order, file and serve their response to the Motion for Temporary Restraining Order within 7 days of the date of this Order, and file and serve their answer to the Petition within 14 days of the date of this Order, unless additional time is allowed for good cause shown. Respondents must file any documents referenced or relied upon in their responsive pleading with that pleading.[3] Petitioner will then have 7 days to file a reply to both Respondents' response and answer.

**IT IS FURTHER ORDERED** that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

**IT IS FURTHER ORDERED** that Respondents shall not transfer Petitioner out of this District, with the exception of effectuating his lawful deportation.[4]

Dated: February 4, 2026

_____
Gloria M. Navarro, Judge
United States District Court

---

[3] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'" (citing 28 U.S.C. § 2243)).

[4] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").