**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

T.P.S.,

                         Petitioner,

     vs.

MARKWAYNE MULLIN, *et al.*,[1]

                  Respondents.

Case No.: 2:26-cv-00249-GMN-BNW

**ORDER GRANTING MOTION TO ENFORCE**

Pending before the Court is Petitioner T.P.S.'s Motion to Reopen Case and Enforce Judgment, (ECF No. 15). Federal Respondents Markwayne Mullin, the United States Department of Homeland Security ("DHS"), Todd Blanche, Todd Lyons, Brian Henkey, and the United States Immigration and Customs Enforcement ("ICE") filed a Response, (ECF No. 17), to which Petitioner filed a Reply, (ECF No. 18).

On February 20, 2026, the Court granted Petitioner's Writ of Habeas Corpus Petition. (*See* Order Granting Pet., ECF No. 12). Petitioner was subsequently released, but Respondents have continued to impose conditions on his release. (Joint Status Report, ECF No. 13); (*see generally* Mot. Enforce, ECF No. 15). Specifically, Petitioner is required to check-in with ICE via his mobile phone every four weeks and has an app on his mobile phone which enables ICE to monitor his location. (Mot. Enforce 3:3–15).

In its Order granting this Petition, the Court found that Petitioner's detention after the termination of his removal proceedings violated his due process rights. (*See* Order Granting Pet. 5:15–7:14). This conclusion was rooted in the fact that Petitioner was no longer in active

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Secretary of Homeland Security Markwayne Mullin is substituted for the currently named Kristi Noem, and Acting U.S. Attorney General Todd Blanche is substituted for the currently named Pamela Bondi. The Clerk of Court is kindly directed to update the docket to reflect these substitutions.

removal proceedings because the Immigration Judge ("IJ") had terminated his removal proceedings. (*Id.*).  Respondents have made no argument that the pending BIA appeal establishes that Petitioner is in active removal proceedings.  Thus, the Court reiterates that any imposition on Petitioner's liberty, including his current conditions of supervision, does not comport with due process.  Accordingly, the Court grants Petitioner's Motion to Enforce and orders the removal of Petitioner's current conditions of supervision in compliance with its original order.

As the Court has already found, the government has failed to demonstrate "what interest Petitioner's continued detention will serve in light of the IJ's [termination of removal proceedings]." (Order Granting Pet. 7:4–6).  Federal Respondents now argue that the Board of Immigration Appeals ("BIA") is likely to remand this case for further proceedings, which would require Petitioner's presence at future hearings. (Resp. 1:25–26, ECF No. 17).  But Respondents provide no support for this statement.  While the Court acknowledges DHS has an interest in "know[ing] the whereabouts of a noncitizen who is [in] pending immigration proceedings," (Resp. 2:8–9), it has already concluded that DHS's interest in ensuring Petitioner's appearance is diminished here given the IJ's termination of Petitioner's removal proceedings.  Respondents make no showing that circumstances have changed such that Petitioner is now in active removal proceedings.  Without such a showing, Respondents have not justified the imposition of restrictive conditions of supervision.

Moreover, Respondents make no argument as to why the conditions imposed are justified by their need to "know the whereabouts" of Petitioner.  A detainee's release must be "reasonably related to the governmental interest in ensuring their appearance at future hearings." *Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).  While Respondents argue that Petitioner's circumstances "have no bearing on the reasonableness of the restrictions," (Resp. 2:1–2), they fail to explain with any specificity how the subject conditions

are reasonably related to ensuring Petitioner's appearance in possible future hearings.  The installation of an application on Petitioner's phone that monitors his location and requires him to regularly submit a photo of himself from his home carries a liberty implication that Respondents have not justified.  They present no evidence demonstrating why the subject conditions, including electronic monitoring, are necessary.  Nor do they explain why Petitioner's address, which he has updated with the BIA, is insufficient to ensure that they are apprised of his whereabouts.  Without such a showing and based on the reasoning in the Court's original order, the Court concludes that the conditions unjustifiably impose on Petitioner's liberty interests such that they violate Petitioner's due process rights.  Consequently, the Court grants Petitioner's requested relief and orders Respondents to remove the conditions of supervision currently being imposed on Petitioner.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Reopen Case and Enforce Judgment, (ECF No. 15), is **GRANTED.**

**IT IS FURTHER ORDERED** that Respondents must, no later than **May 13, 2026,** remove the conditions requiring a virtual check-in every four weeks via phone application that tracks Petitioner's location via GPS, and any other condition involving location monitoring.  Respondents are prohibited from imposing release conditions that substantially interfere with Petitioner's liberty without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

**IT IS FURTHER ORDERED** that the parties must file a Joint Status Report regarding compliance with this Court's Order by **May 14, 2026.**

///

///

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 25(d), Secretary of Homeland Security Markwayne Mullin is substituted for the currently named Kristi Noem, and Acting U.S. Attorney General Todd Blanche is substituted for the currently named Pamela Bondi. The Clerk of Court is kindly directed to update the docket to reflect these substitutions.

**DATED** this __6__ day of May, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court